No. 23–1558

# In the United States Court of Appeals for the First Circuit

―――――――――――――――――――――――――

DANIEL CONCEPCION, *et al.*,

*Plaintiffs-Appellants,*

v.

OFFICE OF THE COMMISSIONER OF BASEBALL, *et al.*,

*Defendants-Appellees.*

―――――――――――――――――――――――――

On Appeal from the United States District
Court for the District of Puerto Rico
Case No. 3:22-cv-01017-MAJ (BJM)
Hon. Maria Antongiorgi-Jordan, Judge

―――――――――――――――――――――――――

## APPELLANTS' OPPOSITION TO APPELLEES' MOTION TO DISMISS OR FOR SUMMARY DISPOSITION OF APPEAL AND APPELLANTS' REQUEST FOR SUMMARY REVERSAL

―――――――――――――――――――――――――

SAMUEL KORNHAUSER, Esq., California Bar No. 083528

LAW OFFICES OF SAMUEL KORNHAUSER

155 Jackson Street, Suite 1807

San Francisco, California 94111

Telephone: (415) 981-6281

Email: samuel.kornhauser@gmail.com

BRIAN DAVID, Esq.Illinois ARDC
No. 0582468 *(pro hac vice)*

LAW OFFICES OF BRIAN DAVID

1329 N. Dearborn, Unit 1

Chicago, IL 60610

Telephone: (847) 778-7528

Email: bdbriandavid@gmail.com

Attorneys for Appellants

# TABLE OF CONTENTS

## Table of Contents

TABLE OF CONTENTS.............................................................................. i

TABLE OF AUTHORITIES ..................................................................... ii

INTRODUCTION .......................................................................................1

STATEMENT OF PERTINENT FACTS .................................................3

ARGUMENT ...............................................................................................8

I.      THIS APPEAL SHOULD NOT BE DISMISSED AND IT SHOULD NOT BE SUMMARILY AFFIRMED - IN FACT, IT SHOULD BE SUMMARILY REVERSED ......................................................8

A.     CONCEPCION'S WAIVER OF THEIR RIGHT TO APPEAL THE DISTRICT COURT'S DECISION ADOPTING THE MAGISTRATE'S LEGAL CONCLUSIONS SHOULD BE EXCUSED SO THIS APPEAL CAN BE DECIDED ON THE MERITS....................................................................................8

     1.     Antitrust - Stare Decisis ...............................................12

II.    THIS COURT SHOULD SUMMARILY REVERSE THE DECISION OF THE DISTRICT COURT WHICH ADOPTED THE MAGISTRATE'S R & R REGARDING CONCEPCION'S EQUAL PROTECTION CLAIMS AND CONSPIRACY THEORY OF PERSONAL JURISDICTION..................................................13

     A.    Personal Jurisdiction Over All Defendants Under the Agency/Conspiracy Theory .......................................13

     B.    Concepcions' Equal Protection Claims ....................15

CONCLUSION.........................................................................................17

CERTIFICATE OF WORD COUNT.....................................................18

CERTIFICATE OF SERVICE ...............................................................19

Cases

*Baraga-Suarez v. United States* 30 F. Supp.3d 91, 98 (D. P. R. 2014) ...........................10

*Catrone v. Ogden Suffolk Downs, Inc.* 647 F. Supp. 850, 860 (D. Mass. 1986) ................3

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.* 290 F. 3d 42, 45, 48, 52 (1st. Cir. 2002 ...........................................................................................................2

*DeLeon v. Strack* 234 F.3d 84, 86 (2nd Cir. 2000..............................................................11

*Duggan v. Martorello* 2022 WL 952183 at *11  (D. Mass. March 30, 2022)..................14

*Feliciano-Rodriguez v. United States* 986 F. 3rd 30 (1st Cir. 2021) ..................................1

*Flood v. Kuhn* 407 U.S. 258 (1972).......................................................................1, 6, 13

*Greater Newburyport Clamshell Alliance v. Public Service Company of New Hampshire 1983* WL 489274 (D. Mass. 1983 ...............................................................14

*Hohn v. United States* 524 US 236 (1988).........................................................................13

*Keating v. Sec'y. of Health & Human Services* 848 F.2d 271 (1st Cir. 1988) ..................10

*Lorin Corp. v. Goto & Co.* 700 F.2d 1202 (8th Cir. 1983)...............................................12

*Marin-Torres v. State of Washington* 194 Fed. Appx. 564 (9th Cir. 2006)......................10

*McLaughlin v. Corsini* 577 F.3d 15 ....................................................................................9

*NCAA v. Alston* 141 S. Ct. 2141, 2167 (2021)........................................................1, 13, 16

*Park Motor Mart, Inc. v. Ford Motor Co.* 616 F.2d 603 (1st Cir. 1980) ..........................10

*Santos-Santos v. Torres-Centeno* 842 F.3d 163 (1st Cir. 2016) ........................................10

*Schwab Short-Term Bond Market Fun v. Lloyds Banking Group Plc* 22 F. 4th 103 (2nd Cir. 2021) ...............................................................................................................3

*Thomas v. Arn* 474 U.S. 140 at 155 (1985) .......................................................1, 9, 10, 12

*United States v. Rivera-LeBron* 410 Fed. Appx. 352 (1st  Cir. 2011)................................9

*Valencia v. United States* 923 F.2d 917 ..............................................................................9

*Van Schaick v. Church of Scientology of California, Inc.,* 535 F. Supp. 1125 (D.Mass.1982) ................................................................................................................14

*Vermont Castings, Inc. v. Evans Products Company* 510 F. Supp. 940 .............................3

*Ward v. Auerbach* 2017 WL 2724938 (D. Mass. 2017) .....................................................2

*Winnie v. National Collegiate Student Loan Trust* 228 FSupp3d 141 (D. Maine 2017)...14


Statutes

15 U.S.C. § 26b(a) – (b)(1) ................................................................................................16

15 U.S.C. §26b(1) - (2), d(2) ...............................................................................................5

# INTRODUCTION

Defendants – Appellees' (collectively "MLB") motion to dismiss or for summary disposition of appeal should be denied. MLB bases its motions solely on the procedural grounds that Appellants (collectively "Concepcion") "forfeited" their right to appeal the dismissal of their claims by not filing objections to the magistrate judge's Report and Recommendations ("R & R"). MLB is wrong.

Since the waiver rule [failure to object to an R & R waives the right to seek appellate review of the district court order adopting the magistrate's findings of fact and conclusions of law] is non-jurisdictional, a court of appeal "may excuse the default of the interests of justice". *Feliciano-Rodriguez v. United States* 986 F. 3rd 30, 35-36 (1st Cir. 2021) quoting *Thomas v. Arn* 474 U.S. 140 at 155, 106 S. Ct. 466,88 l. Ed.2d 435 (1985).

That is especially true in this case where the facts are not in dispute, the magistrate judge's R & R was based on pure issues of law, i.e., where he felt bound by *stare decisis* to dismiss with prejudice Concepcion's wage-fixing antitrust claims, based on the United States Supreme Court's judicially created "business of baseball" antitrust exemption. *Flood v. Kuhn* 407 U.S. 258 (1972) While the Supreme Court has recently indicated, in the *NCAA v. Alston* 141 S. Ct. 2141, 2159 and 2167 (2021) case, that the judicially created "business of baseball" antitrust exemption may no longer be, if it ever was, viable law. Until the *Flood* case is

reversed by the Supreme Court, hopefully on writ of certiorari in this case, it is a bar to Concepcions' antitrust wage fixing claims.

Lastly, the issue of law as to whether the district courts in this Circuit have personal jurisdiction over all conspirators who conspire to violate a federal law, as long as any one or more conspirators commit a violation in that district, has not been decided by this Court and, in the interest of justice, should be.

Contrary to the District Court's Judgment, the District Court does have personal jurisdiction over each of the MLB Defendants, not just the three that signed the named Concepcion Appellants. Under the agent/conspiracy theory of personal jurisdiction, the District Court has jurisdiction over each Defendant member of the *admitted* MBL monopsony conspiracy[1] to fix, at non-competitive, below market levels and below even minimum wage levels, the compensation they (and each of them) paid and would pay to Minor League players (FAC[2], ¶ 2). *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.* 290 F. 3d 42, 45, 48, 52 (1st. Cir. 2002); *Ward v. Auerbach* 2017 WL 2724938 at *10 (D. Mass. 2017); *Catrone v. Ogden Suffolk Downs, Inc.* 647 F. Supp. 850, 860 (D. Mass.

---

[1] Defendants do not dispute and therefore, the allegation that Defendants conspired to fix, at non-competitive levels, the compensation they paid their minor leaguers must be deemed true, at least for the purposes of the motion to dismiss.

[2] "FAC" refers to the First Amended Complaint in this case.

1986); *Vermont Castings, Inc. v. Evans Products Company* 510 F. Supp. 940;

*Schwab Short-Term Bond Market Fun v. Lloyds Banking Group Plc* 22 F. 4th 103,

122 – 125 (2nd Cir. 2021) [the court has personal jurisdiction over each member of

the conspiracy if any member of the conspiracy committed a wrongful act

(antitrust violation) in or directed at the Puerto Rico forum] Since it is undisputed

that some of the MLB teams directed and committed some of their wage fixing

actions in Puerto Rico, all of the MLB teams are subject to the personal jurisdiction

of the District Court, even if they did not have contact with this forum.

## STATEMENT OF PERTINENT FACTS

Concepcion have alleged that they and other Puerto Rican Minor Leaguers

were scouted, targeted, and recruited by MLB in Puerto Rico to sign, and did sign,

standard uniform wage-fixed contracts in Puerto Rico which contracts violated the

federal antitrust laws.

MLB and each of them admittedly conspired and agreed among themselves

to use their monopsony power in the market for professional minor league baseball

(defendants are the only game in town; there are no other professional minor

leagues) to fix wages at below market rates. (Exhibit 6, Docket No. 35, ¶2, Appendix p. AA145[3])

MLB admittedly further conspired and agreed to further restrict competition, and to suppress the wages paid to minor leaguers, including Puerto Rican minor leaguers, by coercing all minor leaguers to sign employment contracts that bound them for seven years (the "reserve clause") to the one team that drafted them and set wages using the same wage scale for all minor leaguers. (Exhibit 6, Docket No. 35, ¶4, Appendix pp. AA145 and AA146)

MLB is a $12.4 Billion business, and each team is wealthy. (Exhibit 6, Docket No. 35, ¶¶ 100-101, Appendix p. AA180)

MLB acquire minor leaguers through their draft. Many of the drafted minor leaguers are Puerto Rican. They reside in Puerto Rico and are drafted in Puerto Rico. (Exhibit 6, Docket No. 35, ¶8, Appendix pp. AA146 and AA147) They are scouted by Defendants at training facilities in Puerto Rico. (Exhibit 6, Docket No. 35, ¶13, Appendix p. AA148) Many of the Latino minor leaguers come from poor families. (Exhibit 6, Docket No. 35, ¶13, Appendix p. AA148) The salaries paid to minor leaguers are fixed by Defendants and enforced by the Commissioner.

---

[3] "Exhibit _, Docket No. __, pp. AA____" refers to the pages of Appellants' appendix filed herewith.

(Exhibit 6, Docket No. 35, ¶¶24 - 30, Appendix pp. AA151 - AA153) (Each Defendant is required to pay their minor leaguers the agreed upon fixed wages.)

MLB's wage fixing conspiracy is still continuing through today.

The Curt Flood Act [15 U.S.C. §26b(1) - (2), d(2)] purportedly specifically exempts Minor League baseball players from protection of the antitrust laws but provides that Major League baseball players are protected by the antitrust laws.

Concepcion filed their First Amended Complaint ("FAC") alleging MLB's conspiracy to wage fix the compensation they paid Minor League baseball players, and that MLB violated the Sherman Act and that if, as the Supreme Court held, MLB was exempt from the Sherman Act (antitrust laws), then the Sherman Act was unconstitutional on its face and as applied, in violation of the Fifth Amendment Equal Protection Clause in not giving antitrust protection to Minor League baseball players without a rational basis, and likewise, that the Curt Flood Act violates the Equal Protection Clause by not providing antitrust protection to Minor Leaguers.

MLB moved to dismiss the FAC on the grounds that Concepcion's antitrust claims were *stare decisis* barred, as an issue of law, by the "business of baseball" antitrust exemption created by the United States Supreme Court in the *Federal*

*Baseball[4]*, *Toolson[5]*, and *Flood[6]* cases. (Exhibit 5, Docket No. 57, Appendix pp. AA059 - AA062) Concepcion opposed the motion. (Exhibit 5, Docket No. 57, Appendix pp. AA067 - AA071)

MLB did not move to dismiss Concepcion's equal protection claims. (Docket No. 51, pages 11 - 40; Docket No. 58-1, pp. 6 - 15)

MLB also moved to dismiss on the grounds that the District Court had no personal jurisdiction over them because they were not present in Puerto Rico and had not committed any of the violations asserted against them in Puerto Rico. (Docket No. 51, pp. 15 - 22) Concepcion opposed MLB's lack of personal jurisdiction claim, as a matter of law and undisputed fact, that MLB conspired to commit the antitrust violations and because some MLB defendants committed them in Puerto Rico, the District Court had personal jurisdiction over all the MLB conspirators under the agency/conspiracy theory of personal jurisdiction. (Exhibit 5, Docket No. 57 pp. AA061 – AA062)

---

[4] *Federal Baseball Club of Baltimore v. National League Professional Baseball Clubs* 259 U.S. 200 (1922)

[5] *Toolson v. New York Yankees, Inc.* 346 U.S. 356 (1953)

[6] *Flood v. Kuhn* 407 U.S. 258 (1972)

The motion to dismiss briefings were presented to the district court judge assigned to the case between June 21, 2022 and July 12, 2022. (Docket Nos. 51 and 58-1)

On March 15, 2023, the district court judge referred the motion to a magistrate judge for an R & R. (Docket No. 80)

On June 23, 2023, the magistrate judge issued his R & R recommendation dismissing Concepcion's antitrust claims as barred by the Supreme Court-created "business of personal" antitrust exemption. (Docket No. 88, pp. 20 - 23) He recommended dismissal without prejudice, as to MLB defendants who had not employed the Concepcion plaintiffs, by rejecting the conspiracy theory of personal jurisdiction. (Docket No. 88, pp. 13 - 14)

The magistrate issued his R & R and notified the parties that failure to file specific objections is a "waiver of the right to appellate review." (Docket No. 88, p. 30) Concepcion did not file objections to the three above-described recommendations because they were based on issues of law. It was clear that the District Court would not change or was bound by *stare decisis* not to change legal arguments (there were no factual disputes) that had been considered but rejected by the magistrate, and that it would have been futile and a waste of the court's and the parties' efforts.

Despite Concepcion's not filing objections, the District Court made its own *sua sponte* review of the R & R and all the pleadings on the record. The district court judge found the R & R well-reasoned, grounded in fact and law, and free of plain error. She therefore adopted it on June 21, 2023 (Exhibit 2, Docket No. 84) and entered judgment of dismissal with prejudice on June 23, 2023. (Exhibit 1, Docket No. 85). Concepcion filed their notice of appeal on June 23, 2023. (Exhibit 4, Docket No. 86)

## ARGUMENT

I. **THIS APPEAL SHOULD NOT BE DISMISSED AND IT SHOULD NOT BE SUMMARILY AFFIRMED - IN FACT, IT SHOULD BE SUMMARILY REVERSED**

A. **CONCEPCION'S WAIVER OF THEIR RIGHT TO APPEAL THE DISTRICT COURT'S DECISION ADOPTING THE MAGISTRATE'S LEGAL CONCLUSIONS SHOULD BE EXCUSED SO THIS APPEAL CAN BE DECIDED ON THE MERITS**

MLB first (and only) argues that this appeal should be dismissed because Concepcion did not file objections to the magistrate judge's R & R legal conclusions to dismiss their antitrust wage fixing claims and that by failing to file objections, Concepcion "forfeited" their right to appeal the District Court's Judgment adopting those legal conclusions. MLB is wrong.

Since the waiver rule is not jurisdictional, this court can and has, on numerous occasions, excused an appellant's default (in not filing objections to the magistrate's R & R, even though the appellant received clear notice from the magistrate judge that his failure to object would preclude further judicial review) in the interests of justice, so that the appeal can be decided on the merits. *Feliciano-Rodriguez v U.S* 986 F.3d 30, 35-36 (1st. Cir. 2021) [" . . . a court "may excuse the default in the interest of justice" quoting *Thomas v. Arn* 474 U.S. 146, 155]

In *United States v. Rivera-LeBron* 410 Fed. Appx. 352, 353 (1st Cir. 2011), this Court reviewed the appeal on the merits despite the appellant's default in not filing objections to determine if there was plain error in the magistrate/district court decision.

In *Valencia v. United States* 923 F.2d 917, 922 n. 5, this Court excused appellant's failure to object to the magistrates R & R to uphold his guilty plea, recognizing that even though this Court does not ordinarily consider matters not preserved by timely objection, it may, in the interest of justice, consider the merits when "good reason to do so exists", such as when "too serious an omission" would permit an erroneous decision to stand.

Likewise, in *McLaughlin v. Corsini* 577 F.3d 15, 19, n. 3, this Court acknowledged that while it usually enforces the waiver rule cited in *Keating v.*

*Secretary of Health & Human Services* 848 F2d 271, 275 (1st Cir. 1988), "this waiver rule is not jurisdictional . . . accordingly we proceed to affirm on the merits . . .", citing Castillo the Matesanz 348 F3d 1, 4, n. 1 (1st Cir. 2003) [reaching the merits despite no objections to magistrate's findings as to issues raised on appeal].

MLB cites to *Santos-Santos v. Torres-Centeno* 842 F.3d 163 (1st Cir. 2016); *Park Motor Mart, Inc. v. Ford Motor Co.* 616 F.2d 603 (1st Cir. 1980); *Keating v. Sec'y. of Health & Human Services* 848 F.2d 271 (1st Cir. 1988) to support its argument that failure to object to a magistrate's R & R "forfeits" any appellate review of those unobjected to R & Rs. But that is not the law. This Court and other courts of appeals can, and often do, excuse the waiver, and review the district court decision on the merits in the interests of justice (*Feliciano* supra 986 F.3d at 35 – 36; *Thomas v. Arn* supra 474 U.S. at 155) or where there is plain error (*Feliciano* supra at 35 – 36; *Rivera-Lebron* supra at 353) or where issues of law are involved, only factual issues are waived, but the legal issues are reviewed on appeal *de novo* or for plain error. *National Collegiate Student Loan Trust* 971 F.3d 433-435 (3rd Cir. 2020)

Other courts of appeals have excused a waiver and decided the appeal on the merits where filing objections would have been a futile rehash of the same legal arguments. *Marin-Torres v. State of Washington* 194 Fed. Appx. 564, 565 (9th Cir. 2006); *Baraga-Suarez v. United States* 30 F. Supp.3d 91, 98 (D. P. R. 2014)

[where objections are a rehash of arguments made to magistrate, review is for plain error].

Others have excused waiver where, as here, the magistrate's R & R were based on issues of law and the district court reviewed the record, pleadings, and those legal issues despite no filed objections. *DeLeon v. Strack* 234 F.3d 84, 86 (2nd Cir. 2000) [no fear of sandbagging the district court when the district court has reviewed the record and R & Rs on its own]

Here it would have been futile and a waste of counsel's and the District Court's time for Concepcion to rehash exactly the same arguments on legal issues that had previously been fully briefed to the District Court before it then referred the motion to dismiss to the magistrate judge who reviewed those legal arguments (the facts were undisputed) but rejected them. Contrary to the purpose of the Magistrate's Act - to save the district court needless review of the record to determine what magistrate recommendations are being contested - the District Court here, did review the magistrate's R&R, and all pleadings in the record . . . [and found] the R & R well-reasoned, grounded in fact and law, and free of "plain error". (Exhibit 2, Docket No. 84, p. AA004)

Where, as here, despite the failure to object, the district court reviews the record and the appellant's position, the court of appeals will consider the appeal and decide it on the merits. *Beraga-Suarez* supra 30 F. Supp.3d at 98

In *Thomas v. Arn* 474 U.S. 140 at 155 (1985), the Supreme Court "emphasiz[ed] that, because the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interest of justice". See also Justice Brennan's dissent in *Thomas* 474 U.S. 140 at 156, noting that pursuant to the Magistrate's Act, a party who fails to object to the magistrate's report loses his/her right to *de novo* review by the district court, but does not provide that a party's failure to file objections deprives him of *any* review by the district court or by the court of appeals. In fact, the district court judge "retains the power and indeed the obligation [under 28 U.S.C. §636 (b)(1)(C)] to accept, reject or modify the magistrate's findings and leaves unaffected a party's right to appeal the judgment of the district court to the court of appeals, citing *Lorin Corp. v. Goto & Co.* 700 F.2d 1202, 1206 (8th Cir. 1983).

1. **Antitrust - Stare Decisis**

Relief from the waiver rule is especially appropriate here, where this Appeal is from the magistrate's and District Court's application of the so-called "business of baseball" antitrust exemption. That exemption was judicially created by the United States Supreme Court in its holdings in the *Federal Baseball*, *Toolson*, and

*Flood* Trilogy of Cases[7]. The magistrate clearly stated, in his R & R (Exhibit 3,

Docket No. 83, p. AA028) that even if, as Concepcion argued, the Supreme Court

has signaled, in the *NCAA v. Alston* case, it is ready to eliminate baseball's anti-

trust exemption, "that is not a decision this [district] court can make" citing *Hohn*

*v. United States* 524 US 236, 252-53 (1988) . . . and that "nothing in *Dobbs*

authorizes lower courts, such as this one, to overturn [even egregiously wrong]

Supreme Court precedent." (Exhibit 3, Docket No. 84, p. AA028) The magistrate

was correct. Therefore, Concepcion will petition the Supreme Court for a writ of

certiorari to have the "business of baseball" exemption decisions overturned.

## II.     THIS COURT SHOULD SUMMARILY REVERSE THE DECISION OF THE DISTRICT COURT WHICH ADOPTED THE MAGISTRATE'S R & R REGARDING CONCEPCION'S EQUAL PROTECTION CLAIMS AND CONSPIRACY THEORY OF PERSONAL JURISDICTION

### A.     Personal Jurisdiction Over All Defendants Under the Agency/Conspiracy Theory

Where, as here, the Defendants are part of a conspiracy, the acts of one or

more conspirators in furtherance of the violative conspiracy directed at and having

the conspiracy's effect in the forum, are binding on all conspirators (effectively

---

[7] *Federal Baseball Club of Baltimore, Inc. v. National League of Professional Baseball Clubs* 259 U.S. 200 (1922); *Toolson v. New York, Yankees, Inc.* 346 U.S. 356 (1953); and *Flood v. Kuhn* 407 U.S. 258 (1972)

making them agents for each other) and subjects all of them to the specific personal jurisdiction of this Court. *Greater Newburyport Clamshell Alliance v. Public Service Company of New Hampshire 1983* WL 489274 at *2 (D. Mass. 1983):

> This rule, derived from the notion that the acts of a conspirator in furtherance of a conspiracy may be attributed to the members of the conspiracy in order to establish personal jurisdiction, has recently been stated in this District as follows:

> While the mere presence of a conspirator within the forum state is not sufficient to permit personal jurisdiction over the non-resident co-conspirators, certain additional connections between the conspiracy and the forum state will support the exercise of jurisdiction. These additional

> connections exist where (1) substantial acts in furtherance of the conspiracy are performed in the forum state and (2) the co-conspirator knew or should know that the acts would be performed there.

> *Van Schaick v. Church of Scientology of California, Inc.,* 535 F. Supp. 1125, 1132 (D.Mass.1982), *see* cases cited therein.

Accord *Daynard* supra 290 F.3d 55 – 56; *Duggan v. Martorello* 2022 WL 952183 at *11  (D. Mass. March 30, 2022); *Winnie v. National Collegiate Student Loan Trust* 228 FSupp3d 141, 150 (D. Maine 2017)

Defendants' argument that the Agency/Conspiracy personal jurisdiction theory is not recognized in the First Circuit is incorrect. See the cases above. The First Circuit has not ruled one way or the other, but in *Daynard* supra, the First Circuit did endorse the agency theory of personal jurisdiction which is essentially the same as the conspiracy theory, i.e., conspirators are agents for each other and therefore subject to personal jurisdiction if the agent is subject to personal jurisdiction. Conspiracy personal jurisdiction was also reaffirmed by the Second Circuit in *Schwab* 22 F. 4th 103, 122-125

## B. Concepcions' Equal Protection Claims

In the interests of justice, this Court should excuse Concepcion's failure to object to the magistrate judge's dismissal of their related claims for declaratory relief, that the Curt Flood Act, 15 U.S.C. § 26b(a) – (b)(1) and Sections 1 and 2 of the Sherman Act are unconstitutional on their face and as applied, in violation of the Fifth Amendment, in that they purport to apply antitrust protections against wage fixing to Major League baseball players, but no antitrust protection against wage fixing to Minor League baseball players. There is no rational basis for the Curt Flood Act's unequal treatment of Minor League players. Again, the unconstitutionality (on equal protection grounds) of the Sherman, Clayton, and Curt Flood acts is a case of first impression which has never been decided by any court. These are laws which, on their face and as applied, have adversely affected,

and continue to adversely affect thousands of Minor League baseball players which, in the interest of justice, should be decided on the merits by this Court.

The magistrate judge *sua sponte* recommended dismissal of the Concepcion plaintiff's Equal Protection claims as a matter of law (Docket No. 88, pp. 27 - 29) despite the fact that MLB had not moved to dismiss those claims, and that no other court had ruled on the constitutionality of the Curt Flood Act (or whether the Sherman Act passed equal protection scrutiny). The R & R recommended that the Curt Flood Act be declared constitutional and not violative of the Equal Protection Clause because there was a rational basis for not allowing Minor Leaguers the protection of other antitrust laws because depressing Minor Leaguers' wages at anti-competitive levels could maintain the viability of the Minor League teams and the towns in which they play. This, despite Justice Kavanaugh's reasoning in *NCAA v. Alston* 141 S. Ct. 2141, 2167 (2021) that wage fixing, in order to benefit the employer, likely does not pass the rule of reason scrutiny – "the NCAA's decision to build a massive money raising enterprise on the backs of student athletes who are not fairly compensated" cannot be justified. Id at 2169.

# CONCLUSION

For the reasons set forth above, MLB's Motion to Dismiss this Appeal should be denied. This Court should also summarily reverse the District Court's Judgment as to the dismissal of Concepcion's Equal Protection claims and as to its decision that the District Court does not have personal jurisdiction over all MLB defendants.

Respectfully submitted,

Dated: July 31, 2023          LAW OFFICES OF SAMUEL KORNHAUSER
and

LAW OFFICES OF BRIAN DAVID

By:  <u>/s/ *Samuel Kornhauser*</u>
Samuel Kornhauser

Attorneys for Appellants

# CERTIFICATE OF WORD COUNT

Appellants hereby certify that this brief is double-spaced throughout (with the exception of footnotes, quotations, headings, the Table of Contents and the Table of Authorities and printed in a proportionally spaced typeface of point size 14 (with the exception of certain portions of the caption page). The text of this brief (excluding the Table of Contents, Table of Authorities, and this Certificate) contains 4,022 words (including quotations, footnotes and headings).

This document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2016 word-processing program in font size 14 and type style Times New Roman.

Dated: July 31, 2023

/s/ Samuel Rolnick
Samuel Rolnick

**CERTIFICATE OF SERVICE**

I hereby certify that on July 31, 2023, I electronically filed the following documents with the United States Court of Appeals for the First Circuit by using the CM/ECF system: **APPELLANTS' OPPOSITION TO APPELLEES' MOTION TO DISMISS OR FOR SUMMARY DISPOSITION OF APPEAL AND APPELLANTS' REQUEST FOR SUMMARY REVERSAL** and **APPELLANTS' OPPOSITION TO APPELLEES' MOTION TO DISMISS OR FOR SUMMARY DISPOSITION OF APPEAL AND APPELLANTS' REQUEST FOR SUMMARY REVERSAL APPENDIX VOLUME 1 OF 1**.

All counsel of record who have filed notices of appearance and are registered as ECF Filers will be served by the CM/ECF system.


/s/ Samuel Rolnick
Samuel Rolnick