No. 23–1558

# In the United States Court of Appeals for the First Circuit

_____

DANIEL CONCEPCION, *et al.*,

*Plaintiffs-Appellants,*

v.

OFFICE OF THE COMMISSIONER OF BASEBALL, *et al.*,

*Defendants-Appellees.*

_____

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 3:22-cv-01017-MAJ (BJM)
Hon. Maria Antongiorgi-Jordan, Judge

_____

**REPLY IN SUPPORT OF APPELLEES' MOTION TO DISMISS OR FOR SUMMARY DISPOSITION OF APPEAL**

_____

| | |
|---|---|
| KEKER, VAN NEST & PETERS LLP | PROSKAUER ROSE LLP |
| R. ADAM LAURIDSEN | ELISE M. BLOOM |
| THOMAS E. GORMAN | ADAM M. LUPION |
| IAN KANIG | RACHEL S. PHILION |
| 633 Battery Street | 11 Times Square |
| San Francisco, California 94111 | New York, New York 10036 |
| Telephone: 415 391 5400 | Telephone: 212 969 3000 |
| Facsimile: 415 397 7188 | Facsimile: 212 969 2900 |

Counsel for Defendants-Appellees

2334729

# TABLE OF CONTENTS

**Page(s)**

INTRODUCTION ................................................................................. 1

ARGUMENT ....................................................................................... 3

    I.    Appellants' admittedly deliberate refusal to object to the magistrate's report and recommendation is inexcusable. ....... 3

    II.   Appellants' request for summary reversal is baseless, and inconsistent with appellants' excuse for not objecting. ........... 8

CONCLUSION ................................................................................. 10

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT ... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Borden v. Sec'y of Health & Hum. Servs.*,
   836 F.2d 4 (1st Cir. 1987) ........................................................................ 5

*Castillo v. Matesanz*,
   348 F.3d 1 (1st Cir. 2003) .................................................................. 4, 6

*DeLeon v. Strack*,
   234 F.3d 84 (2d Cir. 2000) ...................................................................... 7

*Feliciano-Rodríguez v. United States*,
   986 F.3d 30 (1st Cir. 2021) .................................................................. 4, 7

*Henley Drilling Co. v. McGee*,
   36 F.3d 143 (1st Cir. 1994) ........................................................... 3, 6, 10

*Keating v. Sec'y of Health & Hum. Servs.*,
   848 F.2d 271 (1st Cir. 1988) ............................................................... 1, 5

*Marin-Torres v. Washington*,
   196 F. App'x 564 (9th Cir. 2006) ............................................................ 8

*McLaughlin v. Corsini*,
   577 F.3d 15 (1st Cir. 2009) ..................................................................... 4

*In re Nat'l Collegiate Student Loan Trusts*
   971 F.3d 433 (3d Cir. 2020) ................................................................... 8

*Negrón v. Celebrity Cruises, Inc.*,
   316 F.3d 60 (1st Cir. 2003) ..................................................................... 6

*Park Motor Mart, Inc. v. Ford Motor Co.*,
   616 F.2d 603 (1st Cir. 1980) ......................................................... 2, 3, 6, 10

*Santos-Santos v. Torres-Centeno*,
   842 F.3d 163 (1st Cir. 2016) ............................................................... 1, 3

*Scott v. Schweiker,*
  702 F.2d 13 (1st Cir. 1983) .............................................................. 3, 10

*Tempelman v. U.S. Postal Serv.,*
  981 F.2d 1245 (1st Cir. 1992) ............................................................. 6

*Thomas v. Arn,*
  474 U.S. 140 (1985) ........................................................................ 3, 9

*United States v. Innamorati,*
  996 F.2d 456 (1st Cir. 1993) ................................................................ 5

*United States v. Vega,*
  678 F.2d 376 (1st Cir. 1982) ................................................................ 5

*Valencia v. United States,*
  923 F.2d 917 (1st Cir. 1991) .............................................................. 1, 4

**Rules**

L.R. 27.0(c) .................................................................................. 2, 9, 10

## INTRODUCTION

Plaintiffs-appellants concede that they forfeited their right to this appeal because they did not object to the magistrate judge's report and recommendation underlying the district court's order of dismissal. Opp. at 1; *see also Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 168 (1st Cir. 2016). They were warned this would happen. Dkt. No. 83 at 30. But appellants nevertheless ask this Court to excuse their forfeiture "in the interests of justice" because it would have been "futile" to rehash their losing legal arguments to the district judge. Opp. at 1, 7–11.

Appellants' request should be denied. This Court has excused the failure to object to a magistrate's proposed disposition "in the interests of justice" only in certain habeas and criminal cases when the forfeiture directly implicates the appellant's liberty interests. *See, e.g., Valencia v. United States*, 923 F.2d 917, 922 n.5 (1st Cir. 1991). This action does not concern any similar interests or issues. Nor do appellants identify any "compelling reason to relax [the] rule in this case." *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).

The perceived futility—or even actual futility—of filing objections to a magistrate's findings is not a proper basis to excuse the resulting

1

forfeiture. To the contrary, allowing appellants to deliberately refuse to object to a magistrate's findings because they think it would be "a waste of [] time," Opp. at 11, would vitiate this Court's forfeiture rule. *See Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980) ("[A] party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration.").

Because summary dismissal of this appeal is proper, this Court should reject appellants' baseless request to summarily reverse two of the rulings in the district court's order. *See* Opp. at 13–16. Appellants cannot secure affirmative relief if their right to appeal is forfeited. But in any case, their request for partial summary reversal makes no sense. In attempting to excuse their forfeiture, appellants admit "[i]t was clear that the District Court would not change or was bound by *stare decisis* not to change" the findings that the magistrate had made. *Id.* at 7. Appellants cannot now change tack to argue that the district court's rulings constitute such "obvious error" they warrant summary reversal. *See* L.R. 27.0(c). If they believed their now-proffered grounds for reversal had any merit, they should have raised them in objections to the magistrate's report and recommendation. They did not.

## ARGUMENT

**I. Appellants' admittedly deliberate refusal to object to the magistrate's report and recommendation is inexcusable.**

In their opposition, appellants concede that they forfeited their right to appeal by failing to object to the magistrate judge's report and recommendation underlying the district court's order of dismissal. Opp. at 1, 7, 12; *see also Santos-Santos*, 842 F.3d at 168 ("[I]t has long been the rule in this circuit that . . . parties who fail to file objections . . . lose their right to appellate review."). This strict rule of forfeiture "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing." *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985).

Appellants also do not contest that this Court routinely enforces its forfeiture rule to bar entire appeals or the appeal of issues left unobjected below. *See* Mot. at 5 (collecting cases). And they do not dispute that this rule is properly enforced through a motion to dismiss. *See, e.g.*, *Henley Drilling Co. v. McGee*, 36 F.3d 143, 151 (1st Cir. 1994) (granting motion to dismiss on this basis); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983) (same); *Park Motor*, 616 F.2d at 605 (same).

Instead, appellants ask this Court to exercise its power to excuse such forfeiture "in the interests of justice." *See* Opp. at 1. But they fail

3

to explain why justice demands that result here. The cases in which this Court has exercised that discretion—or declined to decide the issue in order to consider the merits—are ***all*** habeas or criminal cases where a forfeiture would directly implicate the appellants' liberty interests:

- *Feliciano-Rodríguez v. United States*, 986 F.3d 30 (1st Cir. 2021) (bypassing issue in habeas case asserting ineffective assistance of counsel led to life sentence after guilty plea);

- *McLaughlin v. Corsini*, 577 F.3d 15, 19 & n.3 (1st Cir. 2009) (excusing forfeiture in habeas case regarding attempted murder conviction, even though this Court "usually enforce[s] the waiver rule," because the government did not raise forfeiture on appeal);

- *Castillo v. Matesanz*, 348 F.3d 1, 5 n.1, 12 (1st Cir. 2003) (same in habeas case regarding drug trafficking convictions because the "procedural default could result in a miscarriage of justice"); and

- *Valencia*, 923 F.2d at 922 n.5 (same in habeas case where the appellant alleged that the failure to object to the magistrate was itself the byproduct of ineffective assistance of counsel).

Appellants do not (and cannot) contend that their action implicates any

similar interests of justice that would justify excusing their forfeiture.[1]

In fact, appellants do not identify **any** specific interests of justice that would be served if this Court excused their forfeiture. *See Keating*, 848 F.2d at 275 (refusing to excuse this kind of forfeiture without a "compelling reason"); *see also Borden v. Sec'y of Health & Hum. Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (explaining that "an appellate court will not consider arguments not raised below except in the most compelling circumstances"). Appellants simply say that "it would have been futile and a waste of counsel's and the District Court's time [] to rehash exactly the same arguments" by filing objections to the magistrate's proposed disposition. Opp. at 11. In essence, appellants ask this Court to find that the interests of justice warrant an excuse from forfeiture whenever an appellant perceives that filing objections would be futile.

This Court should decline this invitation to base application of the forfeiture rule on an appellant's subjective perception of the weakness

---

[1] Indeed, even the fact that a forfeiture implicates an appellant's liberty interests is not sufficient to excuse the forfeiture. *See United States v. Vega*, 678 F.2d 376, 379 (1st Cir. 1982) (extending this forfeiture rule to all criminal cases); *see also United States v. Innamorati*, 996 F.2d 456, 483 (1st Cir. 1993) (in criminal case, noting this Court "will address waived issues where necessary to prevent a miscarriage of justice").

5

of their own case. Appellants' "proposed bypass of the Article III judge would undermine the established role of the magistrate judge in the federal system." *See Henley Drilling*, 36 F.3d at 151. Without doubt, this proposed exception would all-but-overrule this Court's long-established precedent that an appellant "shall" object to a magistrate's proposed disposition "if he wishes further consideration." *See Park Motor*, 616 F.2d at 605. And it would disserve the interests of justice to undermine "this important rule of waiver." *Castillo*, 348 F.3d at 4 n.1. Never before has this Court excused an appellant's expressly deliberate refusal to file objections to a magistrate judge's proposed disposition. It should not start now.

Indeed, this Court even refuses to excuse this kind of forfeiture in cases where the appellant has averred that the failure to object was unintentional. *See Tempelman v. U.S. Postal Serv.*, 981 F.2d 1245, at *2 (1st Cir. 1992) (unpublished decision) (refusing to apply "interests of justice" exception to excuse forfeiture because the appellant averred no facts that showed he was "prevented" from filing timely objections); *see also Negrón v. Celebrity Cruises, Inc.*, 316 F.3d 60, 62 (1st Cir. 2003) (refusing to excuse forfeiture on grounds of "routine carelessness"). If

6

unintentional forfeitures are inexcusable, so must be intentional ones.

Lastly, appellants say this Court may still excuse their forfeiture in the interests of justice because the district judge independently reviewed the magistrate's proposed disposition in its dismissal order. Opp. at 11 (citing *DeLeon v. Strack*, 234 F.3d 84, 87 (2d Cir. 2000). In *DeLeon*, the Second Circuit held that the failure to file objections to a magistrate's proposed disposition may be excused where the district judge *sua sponte* conducts a *de novo* review or issues a certificate of appealability. 234 F.3d at 87. Even assuming this Court adopted that rule,[2] the district judge here performed only a "plain error" review and adopted the magistrate's proposed disposition without comment. Dkt. No. 84 at 1. That is not the sort of *de novo* review that would excuse forfeiture under the Second Circuit's rule. *See DeLeon*, 234 F.3d at 87.[3]

---

[2] This Court recently declined to decide whether the district judge's issuance of a certificate of appealability excuses an appellant's failure to object to the magistrate's findings. *Feliciano-Rodríguez*, 986 F.3d at 36.

[3] Appellants' other cited authorities excusing forfeiture are inapposite. In one case, the appellant failed to raise an argument to the magistrate judge in the first instance, but raised it with the district judge before filing an appeal. *See In re Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2, 2005-1, 2005-2, 2005-3*, 971 F.3d 433, 444 (3d Cir. 2020). The other is from the Ninth Circuit, which applies a different

7

This Court should thus refuse to excuse appellants' forfeiture, and grant appellees' motion to dismiss this appeal as doomed from the start.

## II. Appellants' request for summary reversal is baseless, and inconsistent with appellants' excuse for not objecting.

Finally, appellants request summary reversal of two rulings in the district court's order of dismissal: (1) dismissal without prejudice of the twenty-seven Major League clubs that did not interact with appellants in the forum state for lack of personal jurisdiction; and (2) dismissal of appellants' declaratory judgment claims for failure to state a claim. Opp. at 13–16.

As an initial matter, appellants cannot secure affirmative relief if their right to appeal is forfeited. Accordingly, this Court should decline to even consider appellants' request for a partial summary reversal.

Even if this Court were to entertain this request, it is meritless. Appellants contend that the magistrate made two errors—regarding personal jurisdiction and declaratory relief—warranting summary reversal. But appellants also contend throughout their brief that the

---

forfeiture standard. *See Marin-Torres v. Washington*, 196 F. App'x 564, 565–66 (9th Cir. 2006) (legal issues are "not necessarily" forfeited).

reason they did not object to the magistrate's proposed disposition is that they knew the district judge "would not change or was bound by *stare decisis* not to change" those rulings. *See* L.R. 27.0(c). These two arguments are fatally inconsistent. Appellants cannot both claim that precedent rendered the filing of objections "futile" **and** that the district court committed two obvious errors warranting summary reversal. This, of course, is precisely why appellants are required to object to a magistrate's proposed disposition: it prevents the district court from being sandbagged on appeal with charges of "obvious error" on issues that were never once presented to it. *Thomas*, 474 U.S. at 147–48.

In reality, appellants' request for partial summary reversal is a frivolous distraction. They do not even try to contend that their request satisfies Local Rule 27.0(c)'s "obvious error" standard, nor do they even cite to the Rule. In any case, the magistrate judge's recommended rulings were anything but erroneous. Dkt. No. 83 at 13–14 (explaining that appellants' "conspiracy" theory of personal jurisdiction has been repeatedly rejected in this Circuit); *id.* at 23–26 (explaining, for appellants' declaratory-relief claims, that they had "failed to meet their burden" of negating every conceivable rational basis for Congress to

9

regulate the Minor Leagues and the Major League differently). The Court should reject appellants' request for summary reversal outright.

## CONCLUSION

Appellants concede that they have forfeited their right to appeal the district court's order dismissing their action by failing to object to the magistrate judge's underlying report and recommendation. Their request to excuse this forfeiture in the interests of justice is baseless and would undermine this Court's forfeiture rule. This Court should now summarily dismiss this appeal. *See* L.R. 27.0(c); *see also Henley Drilling*, 36 F.3d at 151; *Scott*, 702 F.2d at 14; *Park Motor*, 616 F.2d at 605. In doing so, the Court should deny appellants' frivolous request for partial summary reversal. No obvious error is alleged. *See* L.R. 27.0(c). But even if it were, that alone would undermine appellants' reason for not objecting to the magistrate and justify the forfeiture of this appeal.

| | |
|---|---|
| Dated: August 7, 2023 | KEKER, VAN NEST & PETERS LLP |
| | */s/ R. Adam Lauridsen*<br>R. ADAM LAURIDSEN<br>THOMAS E. GORMAN<br>IAN KANIG |
| | PROSKAUER ROSE LLP |
| | ELISE M. BLOOM<br>ADAM M. LUPION<br>RACHEL S. PHILION |
| | Attorneys for Defendants-Appellees |

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned counsel hereby certifies that this document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 2,062 words.

This document also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word (Office 16) in size 14 of Century Schoolbook.

Dated: August 7, 2023　　　　　KEKER, VAN NEST & PETERS LLP

　　　　　　　　　　　　　　　　*/s/ R. Adam Lauridsen*　　　　
　　　　　　　　　　　　　　　　R. ADAM LAURIDSEN