No. 23–1558

# In the United States Court of Appeals for the First Circuit

---

DANIEL CONCEPCION, *et al.*,

*Plaintiffs-Appellants,*

v.

OFFICE OF THE COMMISSIONER OF BASEBALL, *et al.*,

*Defendants-Appellees.*

---

On Appeal from the United States District Court
for the District of Puerto Rico
Case No. 3:22-cv-01017-MAJ (BJM)
Hon. Maria Antongiorgi-Jordan, Judge

---

**APPELLEES' OPPOSITION TO APPELLANTS' MOTION
FOR SUMMARY REVERSAL**

---

KEKER, VAN NEST & PETERS LLP

R. ADAM LAURIDSEN
THOMAS E. GORMAN
IAN KANIG
633 Battery Street
San Francisco, California 94111
Telephone: 415 391 5400
Facsimile: 415 397 7188

PROSKAUER ROSE LLP

ELISE M. BLOOM
ADAM M. LUPION
RACHEL S. PHILION
11 Times Square
New York, New York 10036
Telephone: 212 969 3000
Facsimile: 212 969 2900

Counsel for Defendants-Appellees

2339975

## <u>TABLE OF CONTENTS</u>

**Page(s)**

INTRODUCTION ........................................................................... 1

RELEVANT PROCEDURAL HISTORY ..................................... 2

    A.   Appellants' action was dismissed after they failed to object to the magistrate judge's proposed disposition. ........... 2

    B.   Appellees moved to dismiss this appeal as forfeited, and appellants cross-moved for summary reversal. ............... 4

ARGUMENT ................................................................................... 6

    A.   This appeal should be dismissed because appellants have forfeited their right to any appellate review. ................ 7

    B.   This successive motion is procedurally improper. .................. 9

    C.   This motion may be summarily denied on the merits because appellants do not assert any "obvious error." ......... 10

    D.   In any case, appellants lack constitutional standing. .......... 14

CONCLUSION ............................................................................... 16

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT     18

2339975

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## Federal Cases

*Am. Postal Workers Union v. Frank*,
   968 F.2d 1373 (1st Cir. 1992) .............................................................. 15

*Berner v. Delahanty*,
   129 F.3d 20 (1st Cir. 1997) ........................................................... 15, 16

*Brown v. Pro Football, Inc.*,
   518 U.S. 231 (1996) ............................................................................. 16

*Castillo v. Matesanz*,
   348 F.3d 1 (1st Cir. 2003) ..................................................................... 8

*Covidien LP v. Esch*,
   993 F.3d 45 (1st Cir. 2021) ................................................................. 10

*Efreom v. McKee*,
   46 F.4th 9 (1st Cir. 2021) ......................................................... 2, 15, 16

*Fed. Baseball Club of Baltimore, Inc. v. Nat'l League of Prof.
   Baseball Clubs*,
   259 U.S. 200 (1922) ............................................................................. 11

*Flood v. Kuhn*,
   407 U.S. 258 (1972) ............................................................................. 11

*Keating v. Sec'y of Health & Hum. Servs.*,
   848 F.2d 271 (1st Cir. 1988) ................................................................. 8

*Merrimon v. Unum Life Ins. Co. of Am.*,
   758 F.3d 46 (1st Cir. 2014) ................................................................. 14

*Montalvo-Huertas v. Rivera-Cruz*,
   885 F.2d 971 (1st Cir. 1989) ............................................................... 13

*New Orleans v. Dukes*,
   427 U.S. 297 (1976) ............................................................................. 13

2339975

*Santos-Santos v. Torres-Centeno*,
842 F.3d 163 (1st Cir. 2016) ........................................................... 1, 7

*St. Joseph Abbey v. Castille*,
712 F.3d 215 (5th Cir. 2013) ............................................................ 13

*Suárez-Torres v. Panaderia Y Reposteria España, Inc.*,
988 F.3d 542 (1st Cir. 2021) ............................................................ 14

*Thomas v. Arn*,
474 U.S. 140 (1985) ......................................................................... 8

*Toolson v. New York, Yankees, Inc.*,
346 U.S. 356 (1953) ......................................................................... 11

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021) ..................................................................... 14

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995) ......................................................................... 10

## Federal Statutes

15 U.S.C. § 26b ................................................................................ 11

## Rules

Fed. R. App. P. 27(a)(2)(C)(i) ................................................ 1, 2, 7, 9

Fed. R. App. P. 27(a)(3)(B) ......................................................... 5, 9

L.R. 27.0(c) ................................................................................ 2, 9, 10

iii

## INTRODUCTION

For the second time, plaintiffs-appellants request that this Court summarily reverse the district court's order dismissing their claims for declaratory judgment. This motion is improper and, again, frivolous.

As an initial matter, appellants have forfeited their right to any form of appellate review because they failed to object to the magistrate judge's report and recommendation underlying the order of dismissal. *See Santos-Santos v. Torres-Centeno*, 842 F.3d 163, 168 (1st Cir. 2016). For the reasons set forth in appellees' pending motion to dismiss, this Court should dismiss this entire appeal as forfeited, and deny this motion along with it. *See generally* Appellees' Mot. to Dismiss ("MTD").

Even if this Court were to consider appellants' motion, it should be stricken or denied as procedurally improper. The Federal Rules of Appellate Procedure prohibit parties from filing successive briefs that seek the same relief on the same grounds. Fed. R. App. P. 27(a)(2)(C)(i). Yet this motion seeks summary reversal of the same ruling on which appellants previously moved for summary reversal in their opposition to appellees' motion to dismiss. *Compare* Appellants' Mot. for Summ. Reversal ("Mot.") at 13–17 *with* Appellants' Opp. to Appellees' Mot. to

Dismiss, and Mot. for Summ. Reversal ("MTD Opp.") at 15–16.  There was no valid reason for appellants to file this duplicative motion.[1]

This motion also may be summarily rejected on the merits.  Just like last time, appellants do not even attempt to argue that the district court's order dismissing their declaratory-judgment claims was made in "obvious error," as required for summary reversal.  MTD Opp. at 15–16; L.R. 27.0(c).  Nor could they.  The district court's well-reasoned ruling upheld a long line of U.S. Supreme Court precedent dating back 100 years.  Appellants' App'x ("AA"), Ex. 3 at 23–26; *see also id.* at 20–23.

In any case, appellants lack standing to assert standalone claims for declaratory judgment because they stopped playing Minor League baseball years ago.  *Id.* at 2.  Without risk of future harm, these claims cannot be heard.  *Efreom v. McKee*, 46 F.4th 9, 21–22 (1st Cir. 2021).

### RELEVANT PROCEDURAL HISTORY

### A.    Appellants' action was dismissed after they failed to object to the magistrate judge's proposed disposition.

Appellant Daniel Concepcion, a former minor league baseball

---

[1] The Federal Rules similarly prohibit appellants' use of this motion as a supplemental brief in support of their opposition to appellees' motion to dismiss.  *See* Mot. at 9–13; *see also* Fed. R. App. P. 27(a)(2)(C)(i).

2

player, filed this action against appellees alleging that they colluded to depress his wages in violation of antitrust and wage-and-hour laws. Dkt. No. 1. He amended his complaint on June 6, 2022, to add Aldemar Burgos and Sidney Duprey Conde as additional plaintiffs. AA, Ex. 6. Appellees moved to dismiss the amended complaint for lack of personal jurisdiction, improper service of process, and failure to state a claim upon which relief can be granted. Dkt. No. 51. The district judge then referred the fully-briefed motion to a magistrate judge. Dkt. No. 80.

The magistrate judge issued a report and recommendation to grant appellees' motion to dismiss. AA, Ex. 3. In relevant part, the magistrate recommended that the district judge dismiss appellants' Sherman Act antitrust claims with prejudice because the "business of baseball" is exempt from the antitrust laws under an unbroken line of U.S. Supreme Court decisions running back to 1922. *Id.* at 20–23. On that basis, the magistrate also recommended that appellants' claims for declaratory judgment be dismissed with prejudice. *Id.* at 23–26. The theory underlying those requests for relief—that baseball's antitrust exemption violates the equal protection clause as applied to Minor

3

League players—rose and fell with their antitrust claims. *Id.* at 23.[2]

The magistrate judge warned appellants that "[a]ny objections to [that report and recommendation] must be filed with the Clerk of Court **within fourteen days** of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review." *Id.* at 30 (emphasis original; citing cases).

But appellants never filed any objections to the magistrate judge's report and recommendation. AA, Ex. 2 at 1. Thus, the district judge issued an order adopting the report and recommendation in full. *Id.* at 1–2. Because that order of dismissal disposed of appellants' action in its entirety, the district judge also entered judgment. AA, Ex. 1.

The next day, appellants noticed this appeal. AA, Ex. 4.

### B. Appellees moved to dismiss this appeal as forfeited, and appellants cross-moved for summary reversal.

Promptly after this appeal was docketed, appellees filed a motion

---

[2] Appellants' claims were also dismissed for lack of personal jurisdiction except with respect to three Major League clubs. AA, Ex. 3 at 8–14. Their claims against former Commissioner Selig were also dismissed for improper service of process. *Id.* at 14–15. And Concepcion's antitrust claims, as well as all their wage-and-hour claims, were time-barred, given they all stopped playing baseball by 2019. *Id.* at 15–20, 26–29.

4

to dismiss.  That pending motion contends appellants forfeited their right to appellate review of the district court's order because they failed to object to the magistrate judge's report and recommendation.  MTD at 5–7 (collecting cases in this Court dismissing appeals on this basis).

Appellants opposed the motion.  They admitted that they forfeited this appeal by deliberately refusing to file objections, but asked this Court to excuse their forfeiture "in the interests of justice."  MTD Opp. at 1, 7–11.  They did not explain how their request would serve justice, though.  Instead, they said only that it would have been "futile" and "a waste of [] time" to rehash their arguments to the district judge.  *Id.*

At the same time, appellants also requested partial summary reversal.  That request—treated as a "new motion" under Federal Rule of Appellate Procedure 27(a)(3)(B)—sought summary reversal of the district court's order (1) granting dismissal without prejudice for lack of personal jurisdiction, except for three Major League Baseball clubs, and (2) granting dismissal of their declaratory-judgment claims for failure to state an actionable claim.  *Id.* at 13–17.  Appellants did not attempt to explain why, if the magistrate judge so obviously erred, filing objections with the district judge would have been "futile" or a "waste of [] time."

On reply, appellees noted that the "interests of justice" exception does not apply in these circumstances, where no party's liberty interests or other compelling reason demands a merits review. Appellees' Reply in Support of Mot. to Dismiss ("MTD Reply") at 3–7. To the contrary, excusing appellants' deliberate refusal to object to the magistrate judge's proposed disposition would disserve the interests of justice by undermining this Court's forfeiture rule. *Id.* Accordingly, appellees requested that this Court dismiss this entire appeal and decline to consider appellants' cross-motion for partial summary reversal. *Id.* at 8. But if this Court were to entertain that motion, appellees argued it should be denied as meritless, given its failure to identify any "obvious error" warranting summary reversal. *Id.* at 8–9 (citing L.R. 27.0(c)).

One week later, appellants filed the instant motion for partial summary reversal. Without explanation, they again seek summary reversal of the district court's order dismissing their declaratory-judgment claims, just as in their earlier motion. *See* Mot. at 13–17.

## ARGUMENT

Appellants' successive motion for partial summary reversal is procedurally improper, meritless under binding U.S. Supreme Court

authority, and concerns claims for which they lack Article III standing. But this Court should decline to even consider this motion because appellants' entire appeal is forfeited and should be dismissed.

### A.    This appeal should be dismissed because appellants have forfeited their right to any appellate review.

Appellees earlier moved to dismiss this appeal because appellants failed to object to the magistrate judge's report and recommendation underlying the district court's order of dismissal.  *See generally* MTD. "[I]t has long been the rule in this circuit that . . . parties who fail to file objections . . . lose their right to appellate review."  *Santos-Santos*, 842 F.3d at 168.  Indeed, in opposition to that motion, appellants admitted their failure to object forfeited this appeal.  MTD Opp. at 1, 7–11.  And because a party who has forfeited their appeal cannot seek any form of appellate review, there is no need for this Court to consider this motion.

Appellants' redundant request that this forfeiture be excused in the "interests of justice"—copied verbatim from their last brief into this one—is improper and baseless.  *See* Mot. at 9–13; *see also* MTD Opp. at 8–12.  Not only does this request constitute an improper supplemental brief in support of their opposition to appellees' motion to dismiss, *see* Fed. R. App. P. 27(a)(2)(C)(i), it fails to address any of appellees' reasons

why that request is substantively baseless in this case, *see* MTD Reply at 3–7.  That appellants' supplemental brief chose to ignore these arguments should be taken as a tacit admission of their merits.  There is no "compelling reason to relax [the] rule in this case."  *See Keating v. Sec'y of Health & Hum. Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).

Further, the fact that appellants have again charged the district court with obvious error, despite their refusal to file objections with the district judge, serves only to highlight the need for "this important rule of waiver."  *See Castillo v. Matesanz*, 348 F.3d 1, 4 n.1 (1st Cir. 2003).  The rule "prevents a litigant from 'sandbagging' the district judge by failing to object and then appealing."  *Thomas v. Arn*, 474 U.S. 140, 147–48 (1985).  Yet that is precisely what appellants are again doing here.  If there were any merit to their request for summary reversal of their declaratory-judgment claims, they were required to object.  They did not, and now they cannot seek any form of review in this Court.

For these and all the other reasons set forth in appellees' motion to dismiss and supporting reply, this appeal should be dismissed as forfeited, and appellants' motion(s) for summary reversal along with it.

### B.    This successive motion is procedurally improper.

Alternatively, this motion should be stricken or denied outright. Parties are not permitted to file successive motions that seek the same relief on the same grounds.  The Federal Rules of Appellate Procedure provide that "[a]n application for an order or other relief is made by motion," and once a motion is filed, "[a] separate brief supporting . . . a motion must not be filed."  Fed. R. App. P. 27(a)(2)(C)(i); *see also* L.R. 27.0(c) (authorizing motions for summary reversal of disposition).

This motion plainly violates Rule 27(a).  Appellants seek summary reversal of district court's order dismissing their claims for declaratory judgment, just like their previous motion for summary reversal brought with their opposition to appellees' motion to dismiss.  *Compare* Mot. at 13–17 *with* MTD Opp. at 15–16; *see also* Fed. R. App. P. 27(a)(3)(B) (a request for affirmative relief in opposition to a motion is treated as a new motion).[3]  There is no valid reason for appellants to have filed this duplicative motion.  Indeed, it appears that a key reason appellants

---

[3] The Federal Rules similarly prohibit appellants' use of this motion as a supplemental brief in support of their opposition to appellees' motion to dismiss.  *See* Mot. at 9–13; *see also* Fed. R. App. P. 27(a)(2)(C)(i).

9

filed their motion a second time was to add further legal argument that would have caused them to exceed the word limit of their first motion. This Court should refuse to countenance such obvious gamesmanship.

### C. This motion may be summarily denied on the merits because appellants do not assert any "obvious error."

To the extent this Court entertains appellants' motion for partial summary reversal on the merits, it should be denied. Just like the prior version of this motion they filed, appellants do not even try to contend that the magistrate judge's ruling constituted such "obvious error" that summary reversal is now proper. *See* L.R. 27.0(c) (summary reversal is proper only upon a showing of "obvious error"). Their failure to claim obvious error—well beyond mere error—is fatal to their motion.[4]

In any case, appellants cannot show obvious error occurred. The magistrate judge recommended that appellants' declaratory-judgment claims be dismissed because they demand a declaration that the U.S.

---

[4] Indeed, appellants' burden of showing "obvious error" is extraordinary. "A district court is authorized, in the sound exercise of its discretion . . . to dismiss an action seeking a declaratory judgment." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *see also Covidien LP v. Esch*, 993 F.3d 45, 52 (1st Cir. 2021). Thus, to show obvious error here, appellants need to show that the district court obviously abused its discretion.

10

Supreme Court's 100-year-old antitrust exemption for the "business of baseball" is unconstitutional under the equal protection clause.  AA, Ex. 3 at 23–26; *see also id.* at 20–23.[5]  Appellants say that this binding precedent unlawfully deprives Minor League players of the benefits of the Sherman Act when applied alongside the Curt Flood Act of 1998. Mot. at 13–17.  The Curt Flood Act repealed the antitrust exemption for Major League players for employment disputes, but left the exemption intact for Minor League players.  15 U.S.C. § 26b(a), (b)(1)–(2).  It is this differential treatment for which appellants called constitutional foul.

There were at least two fatal defects in this equal protection theory that required dismissal.  First, as appellants admitted in their opposition to appellees' pending motion to dismiss this appeal, ***"[t]he magistrate was correct***" to uphold the antitrust exemption for the "business of baseball" because a district court cannot overturn the U.S. Supreme Court.  MTD Opp. at 13; *see also* AA, Ex. 3 at 20–23 (citing *City of San Jose v. Off. of the Comm'r of Baseball*, 776 F.3d 686, 688

---

[5] The antitrust exemption was established in *Federal Baseball Club of Baltimore, Inc. v. National League of Professional Baseball Clubs*, 259 U.S. 200 (1922), and upheld first in *Toolson v. New York, Yankees, Inc.*, 346 U.S. 356 (1953), and then in *Flood v. Kuhn*, 407 U.S. 258 (1972).

11

(9th Cir. 2015) (rejecting this same challenge to the antitrust exemption on this same basis)).  But if the magistrate judge's ruling was correct, then there is no possibility that the district court erred, let alone acted in obvious error, in dismissing appellants' declaratory-judgment claims.

Second, even setting aside that a district court cannot overturn U.S. Supreme Court authority, appellants' equal protection theory still failed on its face.  Because no fundamental right or suspect class is at issue here, judicial scrutiny of the federal government's "differential treatment" of Major League players and Minor League players under the antitrust laws is at its absolute nadir.  AA, Ex. 3 at 24.  If there is **any** theoretical, rational justification for this governmental action, then no equal protection violation is possible.  *Id.*  Accordingly, to proceed on their claim, appellants needed to "negative every conceivable basis" that might support the antitrust exemption for Minor League players.  *Id.* (quoting *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993)).

Appellants did not meet this demanding burden.  "Congress could rationally have determined that extending antitrust protection to minor league players would undermine the financial viability of minor league baseball teams and thus damage the economies of the numerous towns

12

where they play." *Id.* at 25.[6] And as both the U.S. Supreme Court and this Court have long held, "in the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with [the equal protection clause]." *New Orleans v. Dukes*, 427 U.S. 297, 303–04 (1976); *accord Montalvo-Huertas v. Rivera-Cruz*, 885 F.2d 971, 977 (1st Cir. 1989). Because appellants "did not address [this] reasoning," the magistrate judge found that "they failed to meet their burden" and proposed dismissing their declaratory-judgment claims. AA, Ex. 3 at 25–26. This proposed disposition, adopted in full by the district judge, was correct—it was not obvious error.[7]

---

[6] Indeed, and as the magistrate judge explained, "the legislative history shows Congress reiterated the Curt Flood Act exempted minor league players before passing it to ensure the 'continued economic success of minor league baseball.' In doing so, Congress noted that minor league baseball was played in over 150 towns across the country." *Id.* at 25.

[7] Appellants newly argue that Congress's potential reasoning is "naked economic protectionism" that fails rational basis review. Mot. at 16–17. But there are no allegations of economic protectionism at issue here. Appellants do not assert that Congress enacted the Curt Flood Act to competitively favor Major League players over Minor League players. *Cf., e.g.*, *St. Joseph Abbey v. Castille*, 712 F.3d 215, 226 (5th Cir. 2013) (rejecting "nonsensical explanations" for protectionist law that barred the sale of homemade caskets in favor of state-licensed funeral homes).

**D.    In any case, appellants lack constitutional standing.**

Finally, this Court also may affirm the district court's order on the alternate grounds that appellants lack standing to assert any claims for declaratory judgment because they all stopped playing Minor League baseball.  There is no risk of any ongoing or imminent injury that would be redressable by a judicial declaration of the parties' rights and duties.

To proceed on a claim in federal court, "the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).  "The three familiar requirements of standing are: (1) injury in fact, (2) a causal connection between the injury and the defendant's alleged misconduct, and (3) that the injury would have been redressed by a favorable outcome." *Suárez-Torres v. Panaderia Y Reposteria España, Inc.*, 988 F.3d 542, 549 (1st Cir. 2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

"[S]tanding is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek[.]" *TransUnion*, 141 S. Ct. at 2208.  And because standing is a jurisdictional requirement, the issue is properly raised as a defense for the first time at any time, including on appeal.  *Merrimon*

*v. Unum Life Ins. Co. of Am.*, 758 F.3d 46, 51–52 (1st Cir. 2014).

Appellants lack standing to assert their standalone declaratory-judgment claims because they admittedly have stopped playing Minor League baseball.  *See* AA, Ex. 3 at 2 ("Concepcion, Duprey-Conde, and Burgos stopped playing minor league baseball in 2016, 2018, and 2019 respectively.").  And they have alleged no intent to ever play again.

But "a party seek[ing] exclusively injunctive or declaratory relief" has standing only upon showing "a sufficient likelihood that he will again be wronged in a similar way."  *Berner v. Delahanty*, 129 F.3d 20, 24 (1st Cir. 1997) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)); *see also Efreom*, 46 F.4th at 21–22 ("[I]t is plain that plaintiffs lack standing to seek declaratory relief with respect to a past injury when such relief cannot redress the injury."); *Am. Postal Workers Union v. Frank*, 968 F.2d 1373, 1376–77 (1st Cir. 1992) (holding that plaintiffs lacked standing to seek declaratory relief that would "provide no relief for an injury that is, and likely will remain, entirely in the past").

"Because appellants have not alleged any ongoing or potential injury from the [conduct] at issue, and have not sought relief that could redress their alleged past injury, their [equal protection] claim lacks the

'elements of a justiciable controversy.'" *See Efreom*, 46 F.4th at 22.[8]

Thus, the district court's order dismissing appellants' declaratory relief claims with prejudice may also be affirmed on the ground that they lack constitutional standing to seek this forward-looking relief. There is no possibility that appellants could benefit from such an order.

## CONCLUSION

For all the reasons set forth above, appellants' successive motion for partial summary reversal is improper, frivolous, and concerns claims for which they lack constitutional standing.  But there is no need to rule upon any of these fatal defects because this appeal has been forfeited. This Court should dismiss this appeal, and appellants' motions along

---

[8] Indeed, if appellants were to return to Minor League baseball, their compensation would be determined by the new collective bargaining agreement between the players' union and the Major League clubs.  *See* Major League Baseball Players Association, "Minor League Players overwhelmingly approve historic first collective bargaining agreement," (Mar. 31, 2023), available at: www.mlbplayers.com/post/minor-league-players-overwhelmingly-approve-historic-first-collective-bargaining-agreement.  Given this agreement, appellants cannot allege that they would "again be wronged in a similar way."  *See Berner*, 129 F.3d at 24.

Further, the Minor League's new collective bargaining agreement is subject to the U.S. Supreme Court's non-statutory labor exemption, *see Brown v. Pro Football, Inc.*, 518 U.S. 231, 237 (1996), so the types of restraints that appellants complained about below would not be subject to antitrust scrutiny even without baseball's antitrust exemption.

16

with it.  Appellees reserve their rights to seek reasonable attorneys' fees

and costs incurred in opposing this improper and frivolous motion.


Dated:  August 24, 2023                KEKER, VAN NEST & PETERS LLP


                                       */s/ R. Adam Lauridsen*
                                       R. ADAM LAURIDSEN
                                       THOMAS E. GORMAN
                                       IAN KANIG


                                       PROSKAUER ROSE LLP

                                       ELISE M. BLOOM
                                       ADAM M. LUPION
                                       RACHEL S. PHILION

                                       Attorneys for Defendants-Appellees

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), the undersigned counsel hereby certifies that this document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 3,491 words.

This document also complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionately spaced typeface using Microsoft Word (Office 16) in size 14 of Century Schoolbook.


Dated:  August 24, 2023                KEKER, VAN NEST & PETERS LLP


                                       */s/ R. Adam Lauridsen*
                                       R. ADAM LAURIDSEN

18

2339975

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 24, 2023, I electronically filed the following document with the United States Court of Appeals for the First Circuit by using the CM/ECF system:  Appellees' Opposition to Appellants' Motion for Summary Reversal.  I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

> Plaintiff-Appellant Aldemar Burgos
> Plaintiff-Appellant Daniel Concepcion
> Plaintiff-Appellant Sidney Duprey Conde
>
> Defendants-Appellees[1]

I further certify that on August 24, 2023, a copy of the foregoing

---

[1] Office of the Commissioner of Baseball, Robert D. Manfred, Jr., Allan H. Selig, Angels Baseball LP, Athletics Investment Group LLC, Atlanta National League Baseball Club, LLC, AZPB Limited Partnership, Baltimore Orioles Limited Partnership, Baltimore Orioles, Inc., Baseball Club of Seattle, LLLP, Boston Red Sox Baseball Club Limited Partnership, Chicago Cubs Baseball Club, LLC, Chicago White Sox, Ltd., Cincinnati Reds, LLC, Cleveland Guardians Baseball Company, LLC, Colorado Rockies Baseball Club, Ltd., Detroit Tigers, Inc, Houston Astros, LLC, Kansas City Royals Baseball Club, LLC, Los Angeles Dodgers Holding Company LLC, Los Angeles Dodgers LLC, Marlins Teamco LLC, Milwaukee Brewers Baseball Club, Inc., Milwaukee Brewers Baseball Club, L.P., Minnesota Twins, LLC, New York Yankees Partnership, Padres, L.P., Phillies, Pittsburgh Associates, Rangers Baseball Express LLC, Rangers Baseball LLC, Rogers Blue Jays Baseball Partnership, San Francisco Baseball Associates LLC, St. Louis Cardinals, LLC, Sterling Mets, L.P., Tampa Bay Rays Baseball Ltd., and Washington Nationals Baseball Club, LLC.

2351787

document was served by United States Mail to the following additional

counsel of record for Plaintiffs-Appellants by placing a copy in a sealed

envelope addressed to:

Brian David,
Law Offices of Brian David,
1329 N Dearborn, Unit 1
Chicago, IL 60610.

Executed on August 24, 2023, at San Francisco, California.


*R. Adam Lauridsen*
R. Adam Lauridsen